## LOGRASSO v. RIVIECCIO

### Case No. 88-63-CA-10

Nineteenth Judicial Circuit, St. Lucie County

September 27, 1988

### APPEARANCES OF COUNSEL

**Stephen Hoskins** for plaintiffs.

**James L. Woodman** for defendant.

### OPINION OF THE COURT

SCOTT M. KENNEY, Circuit Judge.

### ORDER ON MOTIONS FOR NEW TRIAL, TO STRIKE AND TO ENFORCE STIPULATION FOR BINDING SUMMARY JURY TRIAL

This Matter came to be heard on Plaintiffs' Motion for New Trial and Defendant's Motions to Strike Plaintiffs' Motion and to Enforce Stipulation for Binding Summary Jury Trial. The Court has considered the Motions, record, arguments of counsel and it otherwise advised in the premises.

Plaintiffs sued Defendant for damages as a result of an automobile accident and requested a jury trial. Defendant answered denying the

material allegations and raising certain affirmative defenses, including the failure of Plaintiff, Carol Lograsso, to meet the "threshold" statute, 627.737(2) Fla. Stat.

Pretrial discovery went forward and the case was noticed for trial. After it was set for trial and mediation failed, the parties agreed to a binding summary jury trial between the limits of $30,000.00 and $70,000.00, which apparently were the amounts of their respective settlement offers. In other words, if the jury returned a damage verdict for $10,000.00, Plaintiffs would still get $30,000.00, or if the verdict was $100,000.00, the Plaintiffs would only receive $70,000.00. If the verdict was between the stated limits, Plaintiffs would get that amount.

For some reason, the parties did not submit a formal order setting this type of trial. It was confirmed by letter and counsel verbally put their stipulation on the record prior to trial. However, a review of the standard "Order Setting Summary Jury Trial and Pretrial Procedure" normally used by this Court in such instances reveals that it does not address the issues now before the Court.

At the beginning of the trial, Defendant admitted negligence and dropped all affirmative defenses, except the threshold issue. After the trial, the jury rendered a verdict of $25,000.00 in damages for past and future medicals and earnings, but found the Plaintiff, Carol Lograsso, had not sustained a permanent injury within a reasonable degree of medical probability. Accordingly, no intangible damages were awarded to either Plaintiff. Defendant thereafter tendered a $30,000.00 settlement draft, Plaintiffs refused it and the instant Motions followed.

Summary jury trials are one of the tools this Court extensively uses to help with its caseload. Binding summary jury trials are not used to the same extent, but nevertheless are beneficial and encouraged because they can be completed and resolve the case in far less time than a normal trial.

In order to have an effective summary jury trial it requires lawyers on both sides who believe in the process and can be relied upon not to misrepresent the evidence. Those types of lawyers were involved in this case. However, the Court is somewhat distressed over the conduct of this trial because it became apparent right from the beginning that outstanding preliminary issues remained. Normally, the parties agree on jury instructions, verdict forms and other matters before they commence this type of proceeding. If they cannot agree, it is brought before the trial judge before the trial so that it goes smoothly. That was not accomplished in this case, as was evident from the problems with the jury instructions and verdict form.

The initial issue now before the Court involves the Defendant's affirmative defense that Plaintiff did not suffer a permanent injury as a result of this accident. Plaintiffs' summary of the evidence provided overwhelming documentation that Mrs. Lograsso did suffer such an injury. Defendant's summary did not establish any evidence to the contrary. Therefore, the jury's verdict of no permanent injury was against the manifest weight of the evidence.

However, that raises the next question of whether Plaintiffs waived any objection to this verdict by failing to move for a directed verdict on the issue after the conclusion of Defendant's summary. Instead, Plaintiffs made the motion after the close of all the evidentiary summaries. Although this Court said it was well-founded based on the evidence, it denied the motion as not timely. That was probably an erroneous ruling, 55 Fla. Jur.2d *Trial,* § 80. Even if the motion was waived or should not have been granted, a trial court normally can grant a new trial where the verdict is against the manifest weight of the evidence, as it was in this case, 38 Fla. Jur.2d *New Trial,* § 48.

However, that leads to the third issue of whether this Court can grant a new trial where the parties have stipulated to a binding summary jury trial between certain limits. Both parties indicated there are no appellate cases on this question.

It seems to the Court that notwithstanding the nature and type of trial or proceeding, fundamental legal principles must be followed, unless waived. This is all the more true where the proceeding was binding and error was committed by this Court or the jury. The record does not show that Plaintiffs waived application of such principles and the Court does not feel such a waiver should be imputed because the parties agreed to the instant procedure. For example, what if one of the lawyers had totally misrepresented the evidence and the verdict results in an award favorable to his client? Should the Court allow that to stand as binding on the other party? It does not think so.

Accordingly, the Court concludes it can grant a new trial despite the parties' agreement for a binding summary jury trial, where the verdict is against the manifest weight of the evidence or where the Court erroneously allows the issue resulting in the verdict to go to the jury, over one party's objection.

Based upon the foregoing, it is thereupon,

ORDERED AND ADJUDGED as follows:

1. Plaintiffs' Motion for New Trial is granted; provided, however, if either party desires to withdraw their summary jury trial stipulation and proceed to a formal trial, the Court will consider it.

2. Defendant's Motions to Strike and to Enforce Stipulation for Binding Summary Jury Trial are denied.

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, this 27th day of September, 1988.